**WILMERHALE**

October 1, 2015

**David Sapir Lesser**

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

**By ECF and Email**

Hon. Richard J. Sullivan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

Re:  *Cinema Village Cinemart, Inc. v. Regal Entertainment Group, et al.*, 15-cv-05488

Dear Judge Sullivan:

In response to Your Honor's Order dated September 22, 2015, the parties submit the following joint letter addressing the issues raised by the Court. Where the parties have been unable to agree, their respective positions are set forth below, as well as in the [Proposed] Case Management and Scheduling Order being submitted herewith.

1. Statement Of The Case And The Principal Defenses Thereto:

   The Parties:

   Plaintiff Cinema Village Cinemart, Inc. ("CVC") is a corporation organized and existing under the laws of the State of New York and qualified to transact business in New York with its principal place of business in New York, New York. CVC operates the Cinemart Cinema ("Cinemart"), a 5-screen complex located at 106-03 Metropolitan Ave., Forest Hills, NY 11375.

   Defendant Regal Entertainment Group ("Regal") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Knoxville, Tennessee. Regal operates the Regal Midway Stadium 9 Theater ("Midway") in Queens, New York.

   Plaintiff's Statement of the Case:

   CVC initiated this action as a result of Regal's antitrust violations, unfair competition, and tortious interference in connection with the licensing of first-run, feature-length, motion picture films for exhibition to the public in theaters in the Forest Hills, New York market. Regal is the result of the consolidation of Regal Cinemas, Edwards Theatres, and United Artists Theatres. Regal operates motion picture theaters at various locations in New York, and elsewhere in the United States. Regal is the largest and most geographically diverse theater circuit in the United States with approximately 7,631 screens in 575 theaters in various locations, including Forest Hills, New York. Plaintiff contends that Regal has used the immense buying power of its theater circuit arising from the large number of its theaters and screens in numerous

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

Hon. Richard J. Sullivan
October 1, 2015
Page 2

WILMERHALE

markets in the United States—including many monopoly markets where it operates the only theater—to combine with and coerce film distributors to deprive Cinemart of fair competitive access to films.  This illegal conduct has deprived the public of legitimate choice with respect to the theaters in which they are able to see films, severely damaged competition in licensing of films, has damaged Cinemart's business and property, and is likely to continue unless permanently enjoined by the Court.

<u>Defendant's Statement of the Case and Principal Defenses</u>:

CVC and Regal operate nearby competing movie theaters in the Forest Hills neighborhood of Queens.  Regal's Midway is a modern and upscale nine-screen, stadium-style multiplex theater located on the main thoroughfare of Queens; CVC's Cinemart theater is an older and smaller five-screen, slope-style theater located on a quiet side street approximately one mile away from the Midway.  CVC alleges that Regal used its large theater circuit to coerce major film distributors to agree not to license films at the Cinemart through the use of clearance agreements.  Under the alleged clearance agreements the distributors supposedly agreed not to license certain first-run films to play at the Cinemart at the same time the films were being played at the Midway.  But CVC fails to plead facts plausibly suggesting any agreement between Regal and the distributors, as opposed to distributors unilaterally deciding to license a particular film to either the Midway or the nearby Cinemart, but not both simultaneously.  Moreover, an antitrust plaintiff must plead a relevant geographic market, and CVC has not alleged facts plausibly suggesting that the relevant geographic market is limited to Forest Hills, and indeed alleges facts suggesting that it is not.  Finally, even if CVC could successfully allege clearance agreements between Regal and distributors and a relevant geographic market limited to Forest Hills, clearance agreements do not violate federal and state antitrust laws under long-standing precedents when two nearby theaters substantially compete for patrons, as the theaters do here.  CVC alleges that this case is different because Regal supposedly engaged in "circuit dealing" to coerce and threaten distributors into entering clearance agreements covering the Cinemart, but allege no facts plausibly suggesting circuit dealing.  At bottom, CVC's frustration at not winning in open competition the right to show as many of its preferred films at the Cinemart as it would have hoped simply does not constitute an antitrust or other legal violation.  For these reasons and others explained in Regal's September 18, 2015, letter requesting a pre-motion conference (ECF No. 9), CVC has failed to state any claim for relief, nor could it.   Regal reserves the right to assert affirmative defenses if it is required to answer the complaint.

2.   <u>A brief explanation of why jurisdiction and venue lie in this Court</u>:

CVC brings this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for treble damages, injunctive relief, cost of suit and reasonable attorneys' fees against defendant for injuries sustained by Plaintiff by reason of Defendant's violation of § 1 of the Sherman Act 15 U.S.C. § 1 and sections 340-370 of New York General Business Law on the Donnelly Act.  CVC also alleges a claim for the tort of intentional interference with prospective economic advantage.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)

Hon. Richard J. Sullivan
October 1, 2015
Page 3

WilmerHale

because the amount in controversy exceeds the sum or value of $75,000 and the dispute is between citizens of different states.

Venue is proper in this judicial district under 28 U.S.C. § 1391 because Regal transacts business on a systematic and continuous basis within this District, and the unlawful acts alleged herein were performed and occurred in material part within this District.

3. <u>A brief description of all outstanding motions and/or outstanding requests to file motions</u>:

On September 18, 2015, Regal's counsel submitted a letter requesting a pre-motion conference concerning its anticipated motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

4. <u>A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations</u>.

No discovery has taken place.

<u>Plaintiff's Position</u>:  Plaintiff believes that meaningful settlement negotiations can occur after fact discovery has taken place.

<u>Defendant's Position</u>:  Regal respectfully submits that settlement negotiations would be premature at this time prior to a ruling on Regal's anticipated motion to dismiss.  Regal further submits that its anticipated motion is well founded and thus the parties should not undertake the expense and burdens of discovery before that motion is resolved.

5. <u>A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any</u>.

There have been no prior settlement discussions between the parties.

6. <u>The estimated length of trial</u>.

The parties have conferred and their present best estimate of the length of trial is 5 days.

7. <u>Any other information that you believe may assist this Court in resolving this action</u>.

<u>Plaintiff's Position</u>:  Because a total stay of discovery appears incompatible with the Court's view on the timing of disposition, and because CVC contends its Complaint ECF No. 1 is sufficient to state a claim against Regal, CVC does not agree to a stay of discovery pending the outcome of Regal's motion to dismiss.  CVC would be agreeable to the Court allowing document discovery while a motion to dismiss is pending and staying all other discovery until the motion to dismiss has been decided.  Thereafter, written discovery and depositions should commence

Hon. Richard J. Sullivan
October 1, 2015
Page 4

WILMERHALE

within 5 days of the Court's ruling on the motion to dismiss.  Alternatively, CVC leaves the issue of the commencement of discovery to the discretion of the Court.

    Defendant's Position:  As noted above, Regal submits that its anticipated motion is well founded and thus the parties should not undertake the expense and burdens of discovery before that motion is resolved.  *See, e.g.*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")  Furthermore, in CVC's letter responding to Regal's request for a pre-motion conference, CVC requests leave to amend "[i]f the Court finds that Cinemart's Complaint lacks the requisite factual specificity…."  Pl.'s Letter 3, Sept. 21, 2015, ECF No. 10.  Regal respectfully submits that for the efficiency of the Court and the parties, and especially in light of Regal's pre-motion letter setting forth the basis of its anticipated motion to dismiss, if CVC is able to amend the complaint to add "factual specificity" it ought to do so before requiring Regal to move to dismiss and the Court to rule on Regal's motion.  Accordingly, as set forth in its proposed scheduling order, Regal suggests that CVC be required to file an amended complaint or notify Regal and the Court that it intends to stand on the current complaint by October 30, 2015, and that Regal's time to file its anticipated motion to dismiss should run from that amendment or notice.

    Respectfully submitted,

    /s/ David Sapir Lesser

    David Sapir Lesser

    *Attorney for Defendant*


    BLECHER COLLINS PEPPERMAN & JOYE, P.C.

    /s/ Maxwell M. Blecher

    Maxwell M. Blecher

    515 SOUTH FIGUEROA STREET, SUITE 1750
    LOS ANGELES, CALIFORNIA 90071-3334
    T. 213.622.4222 • F. 213.689.1944
    MBLECHER@BLECHERCOLLINS.COM

    *Attorney for Plaintiff*