**WILMERHALE**

**David Sapir Lesser**

October 13, 2015

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

**By ECF**

Hon. Richard J. Sullivan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

Re: *Cinema Village Cinemart, Inc. v. Regal Entertainment Group, et al.*, 15-cv-05488

Dear Judge Sullivan:

Pursuant to the October 8, 2015, pre-motion conference and the related Order (ECF No. 19), I write on behalf of Defendant Regal Entertainment Group ("Regal") regarding whether a transfer of venue to the Eastern District of New York is appropriate under 28 U.S.C. § 1404(a).

As this Court has explained previously, in determining whether transfer to another district is appropriate, "the district court must first determine whether venue is generally proper in the transferee forum, and second, whether the interests of justice and the convenience of the parties would be well served by transfer there." *Dunston v. New York City Police Dep't*, No. 10-8117, 2010 WL 5065903, at *2 (S.D.N.Y. Dec. 7, 2010) (Sullivan, J.). With respect to the second inquiry, "[a]mong the factors to be considered are (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Id.* (internal quotation marks omitted). In addition, "[c]ourts also consider the forum's familiarity with governing law and trial efficiency and the interest of justice, based on the totality of the circumstances." *Id.* (internal quotation marks omitted).

Here, as to the first determination, clearly venue is proper in the proposed transferee forum because both movie theaters at issue in the case are located in Queens. However, as to the second inquiry, Regal does not object to venue in this Court, and from Regal's perspective the Southern and Eastern Districts are equally convenient and no particular interest of justice would be served by transfer. While the locus of operative facts may point partially to the Eastern District insofar as the two theaters are located in Queens, the other relevant factors do not appear to favor transfer. For example, Regal's headquarters are in Tennessee, where some witnesses and documents might be located were the case to survive dismissal, and more generally, "in light of the proximity of the districts, there is no clear-cut choice in terms of convenience to parties and witnesses," *id.* at *3. Thus, we respectfully suggest that this Court is as well positioned to determine this case as a court sitting in Brooklyn, especially given that this Court already has invested time in becoming familiar with the case and the parties already have appeared before it.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Washington

Hon. Richard J. Sullivan
October 13, 2015
Page 2

**WilmerHale**

Respectfully submitted,

David Lesser