MANDATE

16-3484
*Cinema Village Cinemart, Inc. v. Regal Entertainment Group*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand seventeen.

PRESENT:
        ROBERT A. KATZMANN,
          *Chief Judge*,
        ROBERT D. SACK,
        PETER W. HALL,
          *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 12, 2017

---

CINEMA VILLAGE CINEMART, INC.,

    *Plaintiff-Appellant*,

    v.                    No. 16-3484

REGAL ENTERTAINMENT GROUP, DOES, 2 THROUGH 50,

    *Defendants-Appellees*.

---

For Plaintiff-Appellant:             MAXWELL M. BLECHER (Howard K. Alperin, *on the brief*), Blecher Collins & Pepperman, P.C., Los Angeles, CA.

For Defendants-Appellees:       LEON B. GREENFIELD (David Sapir Lesser, Perry A. Lange, David M. Lehn, and Adam R. Prescott, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., and New York, NY.

1

MANDATE ISSUED ON 10/12/2017

Consolidated appeals from final judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant appeals from a judgment dismissing its complaint with prejudice entered on September 30, 2016, by the United States District Court for the Southern District of New York (Sullivan, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiff-appellant Cinema Village Cinemart, Inc., ("Cinemart") operates a five-screen movie theater complex in the Forest Hills neighborhood of Queens, New York, while defendant-appellee Regal Entertainment Group ("Regal"), as of the time of the filing of the amended complaint, operates approximately 575 theaters with 7,600 screens across the country, including the Midway Stadium 9 Theater ("Midway") in Forest Hills. Cinemart filed suit against Regal alleging that Regal had engaged in anti-competitive conduct by entering into a series of exclusive-dealing contracts or arrangements with six major film distributors — Warner Bros., Fox, Lionsgate, Paramount, Universal, and Disney — that collectively covered the overwhelming majority of first-run films in the Forest Hills area. Cinemart contends that Regal has used its significant market power as the largest theater circuit in the United States, and as the only major theater operator in many parts of the country, to coerce from the film distributors the exclusive first-run agreements at its Midway theater, which has effectively shut Cinemart out of the market for first-run films. Cinemart claims that such coercion constitutes an anti-competitive combination in restraint of trade in violation of the Sherman Act, 15 U.S.C. § 1, New York State's Donnelly Act, N.Y. Gen. Bus. Law §§ 340 *et seq*., and constitutes tortious or intentional

2

interference with a prospective economic advantage in violation of New York State common law.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable.*, 714 F.3d 739, 740-41 (2d Cir. 2013). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a Sherman Act claim must . . . define the relevant geographic market" and assert sufficient facts "to allege plausibly the existence of . . . [that] geographic market." *Concord Assocs., L.P. v. Entm't Props. Trust*, 817 F.3d 46, 52–53 (2d Cir. 2016) (internal quotation marks and citation omitted). In assessing the alleged geographic market, a court examines "the precise geographic boundaries of effective competition in order to reach a more informed conclusion on potential harm to the market," *id.* (internal quotation marks omitted), considering "the areas in which the seller operates and where consumers can turn, as a practical matter, for supply of the relevant product," including "transportation costs to a particular location . . . as well as the relative preferences of consumers with respect to travel and price," *Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 227–28 (2d Cir. 2006) (internal quotation marks and citation omitted).

We share the district court's conclusion that Cinemart's amended complaint fails to define a plausible relevant geographic market as required by the Sherman Act. In its amended complaint, Cinemart defines the relevant geographic market as the Forest Hills neighborhood of Queens, which it states is "easily accessible by subway, rail, bus and car." Am. Compl. ¶ 23. However, elsewhere in its amended complaint, it seems to emphasize the borough of *Queens* as the relevant market; for example, in that same paragraph Cinemart alleges that "[i]t is not

reasonably practicable for the overwhelming majority of Queens residents to leave Queens to see movies on a regular basis, even if prices in Queens increased significantly." *Id.* The amended complaint also shifts the scope of the market, for example claiming that "residents from other cities or municipalities do not often come to Queens to see films," and that "Regal has threatened and coerced the Film Distributors into granting Regal exclusive clearances in Queens," rather than Forest Hills. Am. Compl. ¶¶ 23, 44. However, the Court takes judicial notice of the fact that a number of other theaters operate in the Queens neighborhoods surrounding Forest Hills, *see United States v. Hernandez-Fundora*, 58 F.3d 802, 811 (2d Cir. 1995), rendering Cinemart's conclusory claims implausible. Moreover, if Forest Hills is easily accessible by subway, rail, bus, and car from surrounding neighborhoods (as per Cinemart's own allegation), then presumably the reverse must be true as well, and many (if not all) individuals in Forest Hills can "easily access" other neighborhoods and their theaters. Given these deficiencies and its repeated assertions, even on appeal, that Forest Hills – and not Queens – is the relevant geographic market, Cinemart's amended complaint does not plausibly allege that *Forest Hills* is a relevant geographic market susceptible to antitrust analysis under the Sherman Act.

Turning to Cinemart's state law claims, as under the Sherman Act, a plaintiff stating a claim under New York's Donnelly Act "must allege a plausible relevant market in which competition will be impaired." *City of New York v. Grp. Health Inc.*, 649 F.3d 151, 155 (2d Cir. 2011); *see also Benjamin of Forest Hills Realty, Inc. v. Austin Sheppard Realty, Inc.*, 823 N.Y.S. 2d 79, 82 (2d Dep't 2006). For the same reasons as explained above, we conclude that Cinemart's amended complaint also fails to allege a plausible relevant geographic market for the purposes of its Donnelly Act claim.

Cinemart's New York intentional interference with a prospective economic advantage claim also fails, for related reasons. To succeed on such a claim, a plaintiff must allege, among other things, that "the defendant acted solely out of malice, or used dishonest, unfair, or improper

means." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) (quoting *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir.2003)). At best, the amended complaint can be understood to allege unfair or improper means, specifically "Regal's intentional anticompetitive conduct as alleged herein." Am. Compl. ¶ 73. As explained above, however, Cinemart has not made out a plausible claim of anticompetitive conduct under either the Sherman Act or Donnelly Act, and Cinemart has alleged no other intentional conduct on Regal's part.

Finally, we need not address whether the district court improperly dismissed Cinemart's claim with prejudice because it has not shown how further amendments to its complaint could cure the deficiencies with respect to its assertion of the relevant geographic market. Cinemart's reply brief does not propose reclassifying the relevant geographic market, and its contemplated amendments do nothing to establish Forest Hills as the plausible scope of a geographic market for the purposes of its antitrust claim. As a result, "granting leave to file a second amended complaint would have been futile." *Concord Assocs.*, 817 F.3d at 55.

We have considered all of plaintiff's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is

**AFFIRMED**.[1]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] Pursuant to this summary order, Cinemart's motion to take judicial notice of certain documents, dated December 29, 2016, is hereby granted.

5